Dear Representative Faucheux:
This office is in receipt of your request for an opinion of the Attorney General in regard to budgeting a salary for the position as street commissioner. You indicate that an individual was appointed for a four-year term as a street commissioner and paid a salary for the first two years of $300.00 per month. You ask whether the Mayor can leave this amount out of the budget for the last two years and thereby stop payments of the salary.
R.S. 33:381 had provided that the officers of every municipality would be "a mayor, alderman, a chief of police, a tax collector, a clerk and a street commissioner." By Act 836 of 1997 R.S. 33:381(A) was amended to remove the street commissioner from the designation therein as a municipal officer, and (B) was amended by deleting that portion that allowed an alderman or mayor to be street commissioner. R.S. 33:426 was amended so as to now provide as follows:
 The mayor may appoint a street commissioner subject to confirmation by the board of aldermen. The street commissioner shall, under the direction of the mayor and board of aldermen, have general control of the streets, alleys, avenues, and sidewalks; he shall see that they are always in proper repair he shall have them worked, repaired altered, paved, lighted, sprinkled, and everything else done to keep them in good repair and condition and he shall perform all other duties as directed by the mayor.
R.S. 33:386(D) was amended as follows:
 D. The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election.
 (Emphasis added.)
In Atty. Gen. Op. 95-218 this office stated that a department head remains in his position until removed by the mayor and the removal is approved by the board of aldermen, and if the department head is not removed before the end of a term of office, he remains through the beginning of the new administration and until he is removed by the mayor with the board's approval. Further, in response to the question whether the department head is not removed before the end of a term of office, he remains through the beginning of the new administration and until he is removed by the mayor with the board's approval. Further, in response to the question whether the department head remained in his position until and unless another person is appointed by the Mayor with the consent of the Board of Aldermen to take his place, this office then stated as follows:
 With regard to your second question, the answer is "yes." According to La.R.S. 33:386(A) the appointment of a successor for a department head usually occurs at the first regular meeting of the board of aldermen succeeding each regular municipal election. However, as stated in both statutes, the department head cannot be removed or his successor appointed without the approval of the board.
We find that the failure of the mayor to budget the salary of the street commissioner is tantamount to an attempt to remove the individual from office without approval of the board of aldermen as required, and until such individual is properly removed his salary must be included in the annual budget.
The municipality is subject to R.S. 39:1301 which requires preparation of a budget from which the governing authority must monitor revenues and control expenditures, and R.S. 33:404A(5) mandates that the mayor has the duty to prepare and submit an annual operations budget. This office has stated expenditures without a specific appropriation or the refusal to submit a budget are acts denied by law, and under R.S. 14:134 are malfeasance, a felony, Atty. Gen. Op. No 90-612, and legal expenses must be included in the town's budget, Atty. Gen. Op. No. 96-343.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr